IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| IN RE: GRAND JURY PROCEEDINGS OCCURRING BEFORE ALEXANDRIA GRAND JURY #25-1 ON DECEMBER 11, 2025 | <u>UNDER SEAL</u><br><br>Case No. 25DM13 |

**GOVERNMENT'S MEMORANDUM TO PROHIBIT
<u>DISCLOSURE OF GRAND JURY PROCEEDINGS</u>**

The United States of America, by and through undersigned counsel, hereby files its Memorandum to Prohibit Disclosure of the Foreperson's Notice of a No True Bill and the returned no true bill. Instead, the Court should impound and seal the documents just as the magistrate judge in Norfolk, Virginia did on December 4, 2025, following the return of a no true bill.

"Since the 17th century, grand jury proceedings have been kept from the public eye. The rule of grand jury secrecy was imported to our federal common law and is an integral part of our criminal justice system." *Douglas Oil Co. of Cal. v. Petrol Stops, Etc.*, 441 U.S. 211, 218 n. 9 (1979). The reasons for grand jury secrecy are varied. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958).[1] *See also United States v. Loc Tien Nguyen*, 314 F. Supp. 2d 612, 615 n. 4 (E.D. Va. 2004) (quoting *Douglas*, 441 U.S. at 219 n. 10). Grand jury secrecy applies even

---

[1] The Court identified five reasons: "(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subordination of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt." *Id.* at 681 n. 6 (quoting *United States v. Rose*, 215 F.2d 617, 628-29 (3d Cir. 1954)

1

when the grand jury has concluded its operations, "[f]or in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." *Douglas*, 441 U.S. at 222.

Nevertheless, a court can order grand jury matters disclosed: "(1) preliminarily to, or in connection with, a judicial proceeding; (ii) at the request of a defendant who shows that a ground may exists to dismiss the indictment because of a matter that occurred before the grand jury; and (iii) to state, Indian trial, or military law enforcement officials." *Loc Tien Nguyen*, 314 F. Supp. 2d at 615 (citing Fed. R. Crim P. 6(e)(3)(E)). In order to disclose grand jury materials pursuant to the first exception, an individual seeking such material must establish a particularized need. *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 442-43 (1983). The "particularized need" must "outweigh the countervailing policy." *Proctor & Gamble Co.*, 356 U.S. at 682. An individual requesting such material can establish such "particularized need" by showing "that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas*, 441 U.S. at 222.

Here, no one requested any grand jury material. Instead, the grand jury "foreperson . . . promptly and in writing report[ed] the lack of concurrence to the magistrate judge." FED. R. CRIM. P. 6(f). When a Norfolk, Virginia grand jury returned a true bill on December 4, 2025, the magistrate judge promptly sealed and impounded the no true bill. This is consistent with recommended practice. *Proctor & Gamble Co.*, 356 U.S. at 685 (Whitaker, J. concurring) ("I would adopt a rule requiring that the grand jury minutes and transcripts and all copies thereof and memoranda made therefrom, in cases where a 'no true bill' has been voted, be promptly upon

return seal and impounded with the clerk of the court"). A court may – and should – seal and impound such records for two reasons. First, "[t]he grand jury minutes and transcripts are not the property of the Government's attorneys, agents or investigators." *Id.* at 685-686. Second, sealing and impounding the documents furthers the policies behind grand jury secrecy, *i.e.*, protecting the grand jurors' identity and the individual accused of a crime from the expense of standing trial where there was no probability of guilt.

Alternatively, should the Court decide to publish either the Notice of No True Bill or the no true bill itself, the United States asks the Court to stay its ruling to afford the United State an opportunity to appeal to the district court.

Respectfully submitted,

Lindsey Halligan
United States Attorney and Special Attorney

Todd W. Blanche
Deputy Attorney General

Robert K. McBride
First Assistant United States Attorney

By:     /s/
Roger A. Keller, Jr.
Missouri Bar #42541
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Phone: (757) 441-6331
Facsimile: (757) 441-6689
E-Mail: Roger.Keller@usdoj.gov