IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                             ) | Case No. 25-DM-13 |
| ) | |
| LETITIA A. JAMES,              ) | |
| ) | |
| Defendant.           ) | |

**ORDER**

On December 11, 2025, a grand jury sitting in this Division returned in open court four indictments (including one sealed indictment) in other matters and one Report of a Grand Jury's Failure to Concur in an Indictment (a "no bill") and a draft indictment in this action. (ECF No. 1.) The Assistant United States Attorney who signed the draft indictment did not appear for the hearing but, the next day, after the Court accepted the no bill in open court, filed a pleading styled, "Government's Memorandum to Prohibit Disclosure of Grand Jury Proceedings" ("Motion to Seal"). (ECF No. 2.) For the following reasons, the Court DENIES the Motion to Seal.

As a threshold matter, the government correctly notes that no one has requested the disclosure of grand jury material. (ECF No. 2 at 2.) Rule 6 of the Federal Rules of Criminal Procedure uses the term "grand jury matter," which courts interpret to mean the identities of witnesses or jurors, the substance of testimony, actual transcripts, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like. *See In re Motions of Dow Jones & Co.*, 142 F.3d 496, 499–500 (D.C. Cir. 1998), *cert. denied*, 525 U.S. 820 (1998). The government is correct—no one has asked for any grand jury matter, and this order does nothing to authorize the disclosure of any grand jury matter. But the grand jury included the no bill in its

returns to the Court on the record, and the government made no attempt to seal this information until the next day.

The dispositive fact is that the public already knew about the grand jury's decision before the government filed its Motion to Seal. On December 11, 2025, at 4:06 p.m.—more than a half hour before the grand jury handed up the no true bill in open court at 4:39 p.m.—ABC News published an article stating, "For a second time in recent days, a federal grand jury in Virginia has refused to indict New York Attorney General Letitia James for alleged mortgage fraud, sources said." ABC News, *2nd grand jury refuses to indict New York AG Letitia James: Sources,* (Dec. 11, 2025, 4:06 p.m.), https://abcnews.go.com/US/2nd-time-grand-jury-refuses-indict-new-york/story?id=128279779 (last checked 12/15/25).

In the foundational case decided by the Fourth Circuit—*In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984)—the court established that a key factor when evaluating requests to seal documents is "whether the public has already had access to the information contained in the records." *Id.* at 235. Because the public already had access to the grand jury's decision on the no bill before the grand jury returned it in open court, no basis exists to seal this information now.

Moreover, in this age of electronic filing, the government's delay in moving to seal the document makes the relief it seeks essentially futile. *See United States v. Anderson*, No. 1:11-cr-231 (LMB), 2015 WL 1111065, *1 (E.D. Va. Mar. 16, 2015), *aff'd*, 607 F. App'x 314 (4th Cir. 2015) ("In this age of electronic case filing, where a party delays in moving to seal a document that is filed on the court's public docket, removing the document from the public record is essentially an act of futility."). Once the Court filed the no bill on the public docket, the government waited until the next day to request sealing.

The government next asks the Court to follow the procedure a magistrate judge used in the Norfolk Division when a grand jury returned a no bill on December 4, 2025. (ECF No. 2 at 2.) In that case, the magistrate judge entered an order stating that the grand jury had "returned a no true bill" but sealing and impounding "the record of the grand jurors concurring in the proposed indictment UNDER SEAL as a grand jury matter . . . ." *In re: Grand Jury Proceedings December 4,* 2025 (Mis. No. 2:25-ms-17, Dec. 5, 2025). A fundamental distinction between the case pending in the Norfolk Division and this one is that the Norfolk grand jury did not return the no bill in open court. The grand jury here decided to present the no bill in open court.

The government attempts to justify the grand jury's decision to return the no bill in open Court by arguing that "the grand jury 'foreperson . . . promptly and in writing report[ed] the lack of concurrence to the magistrate judge'" to satisfy its obligation under Rule 6(f) of the Federal Rules of Criminal Procedure. But the government's selective quotation omits the operative language of Rule 6(f) that contradicts its argument. Rule 6(f) only requires the grand jury to notify the Court of a no bill "[i]f a complaint or information is pending against the defendant and 12 jurors do not concur in the indictment . . . ." FED. R. CRIM. P. 6(f). The government filed no complaint or information against Ms. James, and the Court will not speculate why the grand jury disclosed the no bill in open court.

Finally, the government argues in its Motion to Seal that an important policy behind grand jury secrecy is "protecting . . . the individual accused of a crime from the expense of standing trial where there was no probability of guilt." (ECF No. 2 at 3.) An important corollary to this policy was advanced when the grand jury returned its no bill in open court. Ms. James had previously faced public felony charges that a court later dismissed. The grand jury's decision to

3

make this no bill public serves the interest of transparency when an individual has already suffered the stigma of public criminal charges.

As alternative relief, the government asks for a stay of this Order to afford it an opportunity to appeal this decision to a district judge. The Court grants the government's request. Accordingly, the Court ORDERS as follows:

1. The Court DENIES the Motion to Seal.

2. The Court GRANTS the government's request for a stay and STAYS operation of this Order until 5:00 p.m. on December 16, 2025, to provide the government an opportunity to appeal this Order to a district judge.

Entered this 15th day of December 2025.

Alexandria, Virginia

William B. Porter
United States Magistrate Judge